

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2004

# D'Iorio v. Majestic Lanes Inc

Precedential or Non-Precedential: Precedential

Docket No. 03-1788

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"D'Iorio v. Majestic Lanes Inc" (2004). *2004 Decisions.* Paper 568.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/568

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT

_____

No. 03-1788

_____

JOHN D'IORIO;
DIANE D'IORIO

v.

MAJESTIC LANES INC.,
a New Jersey Corporation,

Appellant

_____

APPEAL FROM THE UNITED
STATES DISTRICT COURT
FOR THE DISTRICT
OF NEW JERSEY

(D.C. No. 01-cv-00809)
District Judge:  The Honorable
Harold A. Ackerman

_____

ARGUED MARCH 9, 2004

Before:  SLOVITER and
NYGAARD, Circuit Judges, and
OBERDORFER, District Judge*

---

*.  Hon. Louis F. Oberdorfer, Senior
District Judge, United States District
Court for the District of Columbia,
sitting by designation.

(Filed  June 3, 2004)

_____

Anthony S. McCaskey, Esq. (Argued)
Peter B. Van Deventer, Jr., Esq.
St. John & Wayne
Two Penn Plaza East
Newark, NJ 07105
    Counsel for Appellant


Scott K. McClain, Esq. (Argued)
Winne, Banta, Hetherington & Basralian
25 Main Street
Court Plaza North
Hackensack, NJ 07602
    Counsel for Appellee

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Under Alternative Dispute Resolution Act of 1998 ("the Act"), 28 U.S.C. § 651 *et seq.*, District Courts must enact local rules authorizing "the use of alternative dispute resolution processes in all civil actions" in accordance with the Act's provisions.  28 U.S.C. § 651(b).  The District of New Jersey complied with this command and enacted  N.J. L. Civ. R. 201.1(h)(1), which reads:

> Any party may demand a trial *de novo* in the District Court by filing with the Clerk a written demand, containing a short and plain statement of each ground in support thereof, and serving a copy upon all counsel of record or other parties.

Such a demand must be filed within 30 days after the arbitration award is filed and service is accomplished by a party pursuant to 28 U.S.C. §[657], or by the Clerk (whichever occurs first) . . . . *Withdrawal of a demand for a trial* de novo *shall reinstate the arbitrator's award.*

(emphasis added).

Section 657(c) of the Act reads:

Trial de novo of arbitration awards. --

(1) Time for filing demand. – Within 30 days after the filing of an arbitration award with a district court under subsection (a), any party may file a written demand for a trial de novo in the district court.

(2) Action restored to court docket. – *Upon a demand for a trial de novo, the action shall be restored to the docket of the court and treated for all purposes as if it had not been referred to arbitration.*

28 U.S.C. § 657(c) (emphasis added)

Majestic argues that by allowing D'Iorio to resurrect his arbitration award by withdrawing his demand for a trial *de novo*, the emphasized portion of Rule 201.1(h)(1) is inconsistent with § 657(c)'s requirement that once a demand for a trial is made, the action be treated "for all purposes as if it had not been referred to arbitration." We agree, hold that it is

inconsistent, and in so holding will reverse the judgment of the District Court.

I.

John D'Iorio alleges that he slipped and fell at a bowling alley owned by Majestic Lanes and sued Majestic in the United States District Court for the District of New Jersey. The Court referred the lawsuit to compulsory arbitration pursuant to New Jersey Local Rule 201.1.

D'Iorio prevailed in arbitration and was awarded $274,488. The award was filed in the District Court on May 2, 2002. The very next day, D'Iorio filed a demand for a trial *de novo*. Following the passage of the thirty-day limitation on demands for arbitration, D'Iorio filed a document styled as a "Notice of Withdrawal of Demand for Trial *De Novo*," requesting that the District Court withdraw his demand for a trial *de novo* and reinstate the arbitration award. Majestic sent a letter to the District Court objecting to the reinstatement of the arbitration award. However, the District Court had already granted D'Iorio's motions, and had entered judgment in his favor in the amount of the arbitrator's award.

Then, Majestic filed its own demand for a trial *de novo* to which D'Iorio objected. Upon instructions from the District Court, Majestic also filed a formal motion to strike the reinstatement of the arbitration award and the entry of judgment. The District Court denied this motion, but granted D'Iorio's cross-motion to strike Majestic's demand for a trial *de novo*, because Majestic had not filed it

2

"within thirty days after the filing of [the] arbitration award." It is from this order that Majestic appeals.[1]

## II.

We need not labor long on this issue. It is axiomatic that the local rules of a District Court must be consistent with Acts of Congress. Fed. R. Civ. P. 83(a)(1); *see also In re Kool, Mann, Coffee & Co.*, 23 F.3d 66, 68 (3d Cir. 1994). The plain language of § 657(c) is that once "*a demand for a trial de novo*" is made, "the action shall be restored to the docket of the court and treated for *all purposes* as if it had not been referred to arbitration.*" 28 U.S.C. § 657(c)(2) (emphasis added). Local Rule 201.1(h)(1) permits a party to demand a trial *de novo* and then withdraw that demand at any time. Such a withdrawal results in the reinstatement of the arbitration award. N.J. L. Civ. R. 201.1(h)(1). Clearly, this procedure does not treat the action as if it had never been referred to arbitration, as required by § 657, and contravenes the plain language of § 657(c)(2) as well as the clear intent of that Section to prevent an arbitration award from having any effect on a subsequent trial *de novo*. *See* 28 U.S.C. § 657(c)(3) ("The court shall not admit at the trial de novo any evidence that there has been an arbitration proceeding, the nature or amount of any award, or any other matter concerning the conduct of the arbitration proceeding [unless that evidence is otherwise admissible or is stipulated to by the parties.]").

D'Iorio attempts to elide this patent inconsistency by arguing that all Majestic had to do to make this situation equitable was file its own demand for a trial *de novo* within the thirty-day period provided in both the local rules and § 657(c)(1). This argument is true, but misses the point. First, Majestic is entitled to the assurances of the Act that once D'Iorio filed his demand for a trial *de novo,* the arbitration award was a nullity, and the cause would be tried. Second and equally as important, that Majestic may have been able to protect itself from the inequitable situation created by the operation of Rule 201.1(h)(1) by filing a prophylactic demand for a trial *de novo* does not address the simple fact that Rule 201.1(h)(1) is fundamentally inconsistent with the plain language of § 657(c)(2). We hold, as did the Court of Appeals for the Eleventh Circuit, that "[the language of Section 657(c)(2)] implies that all parties to the arbitration are treated as if the arbitration never occurred; thus, once [one party] filed a demand for a trial *de novo*, [the remaining party] was relieved of the obligation to file such a demand." *CNA Fin. Corp. v. Brown*, 162 F.3d 1334, 1337 n.3 (11th Cir. 1998).

In summary, we hold that the District Court erred by denying Majestic's motion to strike D'Iorio's request to withdraw his

---

1. We have jurisdiction from this final order under 28 U.S.C. § 1291 and exercise plenary review over the District Court's interpretation of the local rules at issue. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000).

demand for a trial *de novo,* and by failing to vacate both the reinstatement of the arbitration award and the entry of judgment. We will reverse and remand for a trial *de novo*.