**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1542
_____

GOVERNMENT OF THE VIRGIN ISLANDS

v.

ASWA MILLS,
Appellant
_____

On Appeal from the District Court
of the United States Virgin Islands
District Court No. 3-02-cr-00157-001
District Judge: The Honorable Curtis V. Gómez

Argued December 16, 2010

Before: McKEE, *Chief Judge*, FUENTES and SMITH,
*Circuit Judges*

(Filed:  February 9, 2011)


Ashlee M. Gray (argued)
1000 Frederiksberg Gade

P.O. Box 756
St. Thomas, U.S. Virgin Islands 00804
*Counsel for Appellant*


Matthew Phelan (argued)
Department of Justice
48B-50C Kronprindsens Gade
GERS Building, Second Floor
St. Thomas, U.S. Virgin Islands 00802
*Counsel for Appellee*

———————————

OPINION

———————————

SMITH, *Circuit Judge*.

Under the rules governing appellate procedure, a notice of appeal must "designate the judgment" from which the appeal is being taken. This case presents the question whether a *pro se* notice of appeal satisfies the judgment-designation requirement when, although it correctly identifies the parties to the appeal, the nature of the case, and the court to which the appeal is being taken, it erroneously references the docket number and trial date of an earlier case involving the same parties. We hold that where, as here, the surrounding circumstances make clear which judgment the appellant intends to appeal and the appellee is not prejudiced by the errors contained in the notice, the errors are not fatal to the appeal.

## I. Background

On April 6, 2000, the appellant Aswa Mills was tried and convicted of assault and battery in the Territorial Court of the Virgin Islands. We will refer to this case as "the assault case." Mills was sentenced to 30 days in custody, which he served. He filed an appeal almost a year later, but quickly moved to withdraw it, perhaps concluding that the appeal was either too late or pointless. On July 2, 2001, the motion to withdraw was granted by the Appellate Division of the District Court for the Virgin Islands ("Appellate Division"), the court to which direct appeals from judgments entered by the Territorial Court were taken until the establishment of the Virgin Islands Supreme Court. *See* 48 U.S.C. § 1613a.

The assault case was not Mills' only run-in with the criminal justice system in 2000. In early 2000, Mills was charged in the Territorial Court with (among other offenses) first-degree murder. We will refer to this case as "the murder case." A jury convicted Mills on February 22, 2002, and, on March 19, 2002, Mills filed a *pro se* notice of appeal.[1] It is undisputed that the notice was an attempt to appeal the not-yet-entered judgment in the murder case. The handwritten notice reads as follows:

---

[1] Mills was represented during the murder trial, but he elected to file the notice *pro se* because his trial counsel was not planning to represent him on appeal and his appellate counsel had not yet entered an appearance.

United States District Court for the Appeals
United States District for the Appeals
District of U.S. Virgin Islands

File number 525/1999 re: 525–1999 [the case number for the assault case]

Government of the Virgin Islands
v.
Aswa Mills

Notice is hereby given that the Government of the Virgin Islands v. Aswa Mills hereby appeal to the United States Court of Appeals for the Second Circuit from the final judgment from an order of conviction entered on April 6, 2000. Notice is hereby given the Government of the Virgin Islands v. Aswa A. Mills is in pursuant to 18 U.S.C.A. complete Annotation review 3504(a)2, 18 U.S.C.A. 3731, and 18, 3500. Notice is hereby stating order of U.S.C.A. 18, 2248 a return of [illegible].

In April 2002, the Territorial Court sentenced Mills to life without parole, and judgment was formally entered on June 28, 2002.

The Clerk of the Territorial Court determined that Mills' notice of appeal pertained to the murder case and, on September 12, 2002, transmitted the record to the Appellate Division, which created a docket for the appeal. The dockets

of both the Territorial Court and Appellate Division indicated that the appeal related to the murder case, not the assault case.

On September 17, 2002, the Clerk of the Appellate Division sent Mills' attorney a letter, a copy of which was mailed to the government. The letter referenced the case number for the murder case, and warned that Mills' appeal would be dismissed if he did not pay the required docketing fee and submit a transcript purchase order. Mills paid the fee and submitted a transcript order in early October 2002.

On April 3, 2003, the Clerk issued a briefing schedule. The schedule, which also referenced the murder case number and was sent to both sides, stated that Mills' opening brief was due by May 13, 2003. Mills' attorney requested and was granted leave to file the brief as late as January 15, 2004. Still, Mills' brief was not filed until May 14, 2004. Although it was filed late, the brief clearly indicated that Mills was challenging the murder conviction, not the old assault conviction.

In June 2004, the government moved to dismiss the appeal, arguing that Mills' notice of appeal was fatally defective. In 2006, over two years after the motion had been filed, Mills' attorney finally filed a response. Not long thereafter, the Virgin Islands Supreme Court disbarred Mills' attorney, and a new attorney was appointed to represent Mills.

After Mills' new attorney had appeared, the Appellate Division held a status conference and requested supplemental briefing on the motion to dismiss, which the parties dutifully provided. On February 5, 2010, the Appellate Division

granted the motion to dismiss. It concluded that it could not entertain Mills' appeal because his notice of appeal failed to comply with Virgin Islands Rule of Appellate Procedure 4(c), under which a notice must "designate the judgment . . . appealed from." The notice was insufficient, the Court opined, because it listed the case number for, and the date of the trial in, the assault case, and did not reference the murder case. The court so held even though the government had never represented that it was actually prejudiced or misled by the defects in the notice.[2]

Mills filed the instant appeal (this time using a flawless notice of appeal).

## II. Jurisdiction

The Appellate Division had jurisdiction under 48 U.S.C. § 1613a(a). This Court has jurisdiction under 48 U.S.C. § 1613a(c).

---

[2] The government had also argued that Mills' notice was untimely because it was filed before judgment was entered in the murder case. The Appellate Division rightly rejected this argument. As the government now concedes, the March 19 notice, which was filed after the jury's guilty verdict was announced but before the formal entry of judgment, was timely under Virgin Islands Rule of Appellate Procedure 5(b)(1), which provides that "[a] notice of appeal filed after the announcement of a decision, sentence, or order—but before entry of the judgment or order—is treated as filed on the date of and after the entry of judgment." *See also FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 276–77 (1991) (applying the federal version of Rule 5(b)(1)).

### III. Standard of Review

The Appellate Division's decision rests on an interpretation of the Virgin Islands Rules of Appellate Procedure. The Rules were adopted by the Appellate Division and have the status of local rules. *See Guam Sasaki Corp. v. Diana's Inc.*, 881 F.2d 713, 715 (9th Cir. 1989). The law of this Circuit is not clear as to the standard of review that applies to a court's interpretation of its own local rules. We take this opportunity to offer clarification.

When we first addressed the issue, we held that an appellate court generally owes deference to a district court's interpretation of its local rules. *United States v. Miller*, 624 F.2d 1198, 1200–01 (3d Cir. 1980) (citing *Hawes v. Club Ecuestre El Comandante*, 535 F.2d 140, 143–44 (1st Cir. 1976); *Lance, Inc. v. Dewco Servs., Inc.*, 422 F.2d 778, 783–84 (9th Cir. 1970)); *see also United States v. Costanzo*, 740 F.2d 251, 258–59 (3d Cir. 1984) (noting in passing that "the interpretation of the local rules of a district court by one of its judges is entitled to deference"). *Miller* recognizes that the court that promulgates a rule is usually the best arbiter of its meaning.

More recent cases from this Circuit, however, seem to treat a court's interpretation of one of its local rules as a garden-variety legal issue, and state that a plenary standard of review applies. *D'Iorio v. Majestic Lanes, Inc.*, 370 F.3d 354, 356 n.1 (3d Cir. 2004) ("We . . . exercise plenary review over the District Court's interpretation of the local rules at issue."); *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 171, 175–76 (3d Cir. 1990) ("The issue presented by the district court's application and interpretation of [one of

its own local rules] is . . . one over which we exercise plenary review." (citing *Dent v. Cunningham*, 786 F.2d 173, 175 (3d Cir. 1986) (appellate review is plenary where the "issues involve the selection, interpretation, and application of legal precepts"))).

Our more recent decisions must be disregarded to the extent they are at odds with *Miller*. *See Holland v. N.J. Dep't of Corr.*, 246 F.3d 267, 278 n.8 (3d Cir. 2001) ("[T]o the extent that [a case within this Circuit] is read to be inconsistent with earlier case law, the earlier case law . . . controls." (citing *O. Hommel Co. v. Ferro Corp.*, 659 F.2d 340, 354 (3d Cir. 1981))). This brings the law of this Circuit into harmony with the law of our sister circuits on the issue. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009) (appellate court owes deference to a district court's interpretation of its local rules); *Crowley v. L.L. Bean, Inc.*, 361 F.3d 22, 25 (1st Cir. 2004) (same); *Whitfield v. Scully*, 241 F.3d 264, 270–71 (2d Cir. 2001) (same); *Smith v. Vill. of Maywood*, 970 F.2d 397, 400 (7th Cir. 1992) ("Generally speaking, we prefer to defer to the district courts when interpreting their local rules."); *Guam Sasaki*, 881 F.2d at 715 (same); 12 Charles Alan Wright et al., *Federal Practice & Procedure* § 3153 (2d ed. 1997) (collecting cases).

Notwithstanding *Miller*'s general rule that deference is owed to a court's interpretation of its local rules, we believe that a plenary standard of review is appropriate in this case. Although the Appellate Division's decision was technically based on an interpretation of the Virgin Islands Rules of Appellate Procedure, the Court noted that the Virgin Islands Rules are identical in relevant respects to the Federal Rules of Appellate Procedure. Accordingly, it relied exclusively on

8

cases applying the Federal Rules to justify dismissal of the appeal. As a practical matter, then, the Appellate Division's decision rests on an interpretation of the Federal Rules, which requires us to conduct plenary review. *See L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 607 F.3d 24, 27–28 (2d Cir. 2010) (plenary standard of review applies to "a district court's interpretation of the Federal Rules of Appellate Procedure"); *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 459 (3d Cir. 2000) (same, regarding the Federal Rules of Civil Procedure); *Miller*, 624 F.2d at 1200–02 (exercising plenary review over a district court's interpretation of one of its local rules insofar as the rule simply incorporated state law, interpretations of which are subject to plenary review); *cf. Zacchini v. Scripps-Howard Broad. Co.*, 433 U.S. 562, 568 (1977) (holding that the Supreme Court may review state-court judgments that rest on state law when the state court "felt compelled by what it understood to be federal constitutional considerations to construe and apply its own law in the manner it did").

## IV. Discussion

The Appellate Division dismissed Mills' appeal pursuant to Virgin Islands Rule of Appellate Procedure 4(c), which provides that a notice of appeal is ineffective if it does not "designate the judgment [or] order . . . appealed from." Federal Rule of Appellate Procedure 3(c) likewise provides that a notice of appeal must "designate the judgment [or] order . . . being appealed," so decisions applying Federal Rule 3(c)'s judgment-designation requirement will control our analysis.

"'[D]ismissal of an appeal for failure to comply with procedural rules is not favored.'" *United States v. Carelock*,

9

459 F.3d 437, 441 (3d Cir. 2006) (quoting *Horner Equip. Int'l, Inc. v. Seascape Pool Ctr., Inc.*, 884 F.2d 89, 93 (3d Cir. 1989)); *see also Foman v. Davis*, 371 U.S. 178, 181–82 (1962); *Polonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 144 (3d Cir. 1998) ("[D]ecisions on the merits are not to be avoided on grounds of technical violations of procedural rules."). Courts therefore construe appeal notices liberally. *Smith v. Barry*, 502 U.S. 244, 248 (1992); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988); *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853, 858 (3d Cir. 1990). The duty to construe appeal notices liberally is heightened in cases involving *pro se* appellants. *See Coppedge v. United States*, 369 U.S. 438, 442 n.5 (1962); *Smith v. Grams*, 565 F.3d 1037, 1041 (7th Cir. 2009) ("When a party proceeds *pro se*, . . . we will, if possible, liberally construe his actions to find Rule 3's requirements satisfied."); *Campiti v. Matesanz*, 333 F.3d 317, 320 (1st Cir. 2003). Indeed, the local rules of this Court and of the Appellate Division provide that a document filed by a *pro se* litigant after the decision of the trial court in a criminal case will be treated as a notice of appeal "despite informality in its form or title, if it evidences an intention to appeal." 3rd Cir. LAR 3.4 (2010); V.I. R. App. P. 4(g).

The purpose "of a notice of appeal, of course, is to notify the court of appeals and the opposing party that an appeal is being taken." *Torres*, 487 U.S. at 323–24 (Brennan, J., dissenting). Courts employ a commonsense, purposive approach to determine whether a notice of appeal complies with the rules. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387 (1978); *Matute v. Procoast Navigation Ltd.*, 928 F.2d 627, 629 (3d Cir. 1991); *Dura Sys., Inc. v. Rothbury Invs., Ltd.*, 886 F.2d 551, 555 (3d Cir. 1989); Fed. R. App. P. 3(c) advisory committee's note ("[S]o long as the function of

notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with."). Thus, the Supreme Court has said that "imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court." *Becker v. Montgomery*, 532 U.S. 757, 767 (2001).

Under the purposive approach taken by the courts, a notice of appeal that fails to strictly comply with the judgment-designation requirement will nevertheless be deemed adequate if, "'in light of all the circumstances,'" *FirsTier*, 498 U.S. at 276 n.6 (quoting *Torres*, 487 U.S. at 316), it is reasonably clear which judgment the party seeks to appeal. *See Foman*, 371 U.S. at 181–82; *Torres*, 487 U.S. at 322–23 (Brennan, J., dissenting); *Castillo-Rodriguez v. INS*, 929 F.2d 181, 183–84 (5th Cir. 1991) ("[A] party does not forfeit the right to appeal by designating the wrong judgment as long as it is clear which judgment the party intends to appeal."). This means that as long as the judgment the party intends to appeal is fairly discernible, a notice of appeal will be deemed sufficient even though it references the wrong case number, *see Marshall v. Lancarte*, 632 F.2d 1196, 1197 (5th Cir. 1980); *Scherer v. Kelly*, 584 F.2d 170, 174–75 (7th Cir. 1978), or the wrong judgment date, *see Flieger v. Delo*, 12 F.3d 766, 770 (8th Cir. 1993); *Schneider v. Colegio de Abogados de P.R.*, 917 F.2d 620, 630 (1st Cir. 1990).

In assessing the adequacy of a flawed appeal notice, a court should also consider whether the opposing party was misled or prejudiced by the errors. *See Sanabria v. United States*, 437 U.S. 54, 67 n.21 (1978); *Bankers Trust*, 435 U.S. at 387; *Foman*, 371 U.S. at 181; *Matute*, 928 F.2d at 629 (a

notice of appeal will generally be deemed sufficient "unless [it] is so inadequate as to prejudice the opposing party"); *Keller v. Petsock*, 849 F.2d 839, 842 (3d Cir. 1988). While a lack of prejudice will not save a notice that totally fails to comply with the rules, *see Smith*, 502 U.S. at 248; *Torres*, 487 U.S. at 317, courts understandably are more willing to overlook a notice's flaws in the absence of prejudice to the opposing party, *see Bankers Trust*, 435 U.S. at 387; *FirsTier*, 498 U.S. at 276 (observing that, where the opposing party is not prejudiced by mistakes made in the process of noticing an appeal, "[l]ittle would be accomplished by prohibiting the court of appeals from reaching the merits"); *Matute*, 928 F.2d at 629.

We now turn to the case at hand. The Appellate Division concluded that Mills' notice did not satisfy the judgment-designation requirement because it referenced the case number for the assault case and indicated that Mills was appealing the criminal conviction entered on April 6, 2000 (the date of trial in the assault case). Whether Mills' notice was sufficient is a close question, and there is something to be said for the Appellate Division's analysis. But ultimately, we conclude that the notice, though error-laden, was not so inadequate that it should prevent Mills' appeal from being considered on the merits.

The notice indicated that Mills was appealing the criminal conviction entered in "Government of the Virgin Islands v. Aswa Mills" to the "United States District Court for the Appeals . . . District of U.S. Virgin Islands."[3] By

---

[3] Oddly, the body of the notice also said that Mills was appealing to the United States Court of Appeals for the Second Circuit. But

including this information, the notice limited the universe of judgments possibly being appealed to two judgments: the one entered in the 2000 assault case and the one entered in the 2002 murder case.[4]  The question, then, is whether, "'in light of all the circumstances,'" *FirsTier*, 498 U.S. at 276 n.6 (quoting *Torres*, 487 U.S. at 316), it was reasonably clear that Mills intended to appeal the murder conviction.  If it was, then his appeal should go forward on the merits.

Having examined the notice and the particular facts of the case, we think it was reasonably clear that Mills was appealing the murder conviction.  When Mills filed the notice, the assault case had long been closed, Mills had completed service of the sentence he received on the assault conviction, he had filed and withdrawn an appeal of the assault conviction, and he had just been convicted in the murder case.  In these circumstances, the government should have known that Mills was appealing the murder conviction, not the dusty old assault conviction.  Indeed, the Clerks of both the Territorial Court and Appellate Division figured out that the notice related to the murder conviction and proceeded accordingly.  Moreover, the government has not established

---

the Appellate Division did not cite this error as a basis for dismissing the appeal, nor has the government defended the Court's dismissal on this ground.  In any event, this sort of defect is not fatal when, as here, only one appellate forum is available.  *See Keller*, 849 F.2d at 842; *Freeman v. Petsock*, 820 F.2d 628, 630 (3d Cir. 1987).

[4] Nothing in the record suggests that there are any other cases involving Mills and the Government of the Virgin Islands.

that it was misled into believing that Mills was appealing the assault conviction, or that it was otherwise prejudiced by the errors contained in Mills' notice. Given the absence of such prejudice, "[l]ittle would be accomplished by prohibiting the [Appellate Division] from reaching the merits" of Mills' appeal. *FirsTier*, 498 U.S. at 276.[5] We conclude, then, that Mills' notice was sufficient and that his appeal should be considered on the merits.

In reaching this conclusion, we have not overlooked *United States v. Carelock*, 459 F.3d 437 (3d Cir. 2006). In that case, defendant Olanda Carelock, acting through his attorney, filed a notice of appeal that did not include his name and indeed listed another defendant's name, listed the wrong case number, listed the wrong district judge's name, and referenced the wrong judgment date. *Id.* at 439. We dismissed the appeal. We reasoned that, although the notice was filed on Carelock's electronic docket, it failed to satisfy Federal Rule 3(c), as the circumstances "compel[led] the conclusion that [the other defendant] (the individual actually named on the notice) and not Carelock intended to take an appeal, and that the notice had been mistakenly filed in Carelock's case." *Id.* at 443.

*Carelock* is not controlling. For one thing, Mills' notice must be construed with added charity because it was filed *pro se*, while Carelock's notice was filed by counsel.

---

[5] Even if the government had been confused, it could have obtained clarification by examining the Territorial Court's and Appellate Division's dockets, both of which indicated that Mills' appeal related to the murder conviction.

14

*See Grams*, 565 F.3d at 1041; *Campiti*, 333 F.3d at 320. More importantly, unlike the notice in *Carelock*, Mills' notice correctly identified the parties to the appeal, thus narrowing the universe of judgments potentially being challenged to two. And although Mills' notice, like Carelock's, listed the wrong case number and judgment date, the surrounding circumstances made clear which judgment Mills intended to appeal. No such clarifying circumstances were present in *Carelock*. In fact, the circumstances there led the government to believe that the individual actually named on the notice, not Carelock, intended to take an appeal and that the notice had inadvertently been filed on Carelock's docket. *See* 459 F.3d at 443 & n.9.

## V. Conclusion

We acknowledge that Mills' notice of appeal was rife with errors. If courts took a formalistic approach to judging the sufficiency of appeal notices, Mills' notice would surely be held insufficient. But our jurisprudence has eschewed formalism in favor of a contextual approach that construes appeal notices liberally, especially in cases that, like this one, involve *pro se* appellants. Viewed through an appropriately forgiving lens, Mills' notice was sufficient, if just barely. We will reverse the judgment of the Appellate Division and remand for further proceedings.