**DLD-206**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2153
_____

LAVELLE WALKE,
                                        Appellant

v.

JAMES CULLEN, Police Officer;
ROBERT FRIEL, Sergeant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 2:05-cv-06665)
District Judge:  Honorable Mary A. McLaughlin

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 21, 2012

Before:  AMBRO, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 2, 2012)
_____

OPINION
_____

PER CURIAM

Lavelle Walke appeals from the judgment entered on October 19, 2011, in favor of the defendants-below, Ofc. James Cullen and Sgt. Robert Friel ("the officers").[1] At issue are two orders: one that dismissed several of Walke's claims, and another that granted the officers summary judgment on the remaining claims. We will summarily affirm because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6.

I.

The parties did not dispute the underlying facts of the case. The officers arrived at Walke's residence to execute a valid search warrant at approximately 7:15 a.m. The officers knocked and announced their presence; waited thirty to forty seconds for a response; and then, when no response was forthcoming, forcibly entered the residence. Walke cooperated with the search of his home. The search resulted in the recovery of two firearms, cash, and over 800 grams of cocaine.

The officers transported Walke to their field unit headquarters. In order to preserve the secret location of their headquarters, the officers blindfolded Walke and directed him to lie on the floor of their car. Walke complied. After questioning, the officers returned

---

[1] Walke's notice of appeal indicates that he appeals from the District Court's order dated April 4, 2012. This order granted Walke's motion to reopen the time to file his appeal because he did not receive notice under Fed. R. Civ. P. 77(d) of the entry of an order denying his timely motion seeking amendment of the judgment entered against him. Fed. R. App. P. 4(a)(6). Construing Walke's notice of appeal liberally, as we must, Gov't of V.I. v. Mills, 634 F.3d 746, 751-52 (3d Cir. 2011), we conclude that Walke appeals from the judgment entered on October 19, 2011.

Walke to a location close to his home and released him. Again, the officers blindfolded him and directed him to lie on the floor of their car. Walke again complied. The officers arrested Walke several days later. Walke eventually pleaded guilty to felony possession of cocaine and firearms.

Walke brought this civil rights action on January 27, 2006, alleging damages resulting from (1) the improper search of his real estate, voter, and motor vehicle records; (2) an unlawful search and seizure; (3) the use of excessive force against him; (4) the court's failure to replace counsel during his criminal trial; (5) unconstitutionally-obtained evidence used to convict him; and (6) his unlawful arrest and incarceration.[2] The District Court dismissed claims (1), (4), and (6).

Thereafter, counsel was appointed, and Walke filed an amended complaint, claiming (1) unlawful search and seizure; (2) false arrest and false imprisonment; (3) excessive force; and (4) an unreasonable search and seizure pursuant to Article I, Section 8 of the Pennsylvania Constitution. Walke withdrew claims (2) and (4) of the amended complaint. The District Court granted summary judgment on the remaining claims.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a district court's dismissal for failure to state a claim is plenary. Leuthner v. Blue Cross & Blue Shield of Ne. Pa., 454 F.3d 120, 124 (3d Cir. 2006). We must accept as true all of

---

[2] We have enumerated the claims alleged in Walke's initial pro se complaint for ease of analysis.

the factual allegations contained in the complaint and draw reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We also exercise plenary review of the District Court's grant of the defendants' motion for summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006); Fed. R. Civ. P. 56(a).

III.

We will summarily affirm the order of the District Court that dismissed claims (1), (4), and (6) of Walke's initial complaint.

A.

In claim (1), Walke alleged that the officers improperly searched his real estate, voter, and motor vehicle records. Walke's real estate records and voter registration record are public records. An officer's search of public records does not violate the constitutional right to privacy. Cox Broad. Corp. v. Cohn, 420 U.S. 469, 494-95 (1975) ("[T]he interests in privacy fade when the information involved already appears on the public record."); Scheetz v. The Morning Call, Inc., 946 F.2d 202, 207 (3d Cir. 1991).

4

Walke's motor vehicle record is protected from disclosure by the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-25. Pichler v. UNITE, 542 F.3d 380, 388 (3d Cir. 2008) ("The DPPA provides redress for violation of a person's protected interest in the privacy of his or her motor vehicle records and the identifying information therein."). However, the DDPA expressly provides that information contained in a person's record may be disclosed "[f]or use by any government agency, including any court or law enforcement agency, in carrying out its functions." 18 U.S.C. § 2721(b)(1). Accordingly, the officers' search of Walke's motor vehicle record does not violate his right to privacy.

B.

In claim (4), Walke alleged that the trial court erred in forcing court-appointed defense attorney Nino Tinari upon him and that Mr. Tinari provided ineffective assistance of counsel. The officers are not liable for the alleged actions of the trial court or Walke's defense attorney. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing.") (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Neither the trial court nor defense counsel is a party to this action.

C.

Walke pleaded guilty and was sentenced for felony possession of cocaine and firearms. Walke's conviction remains valid. Nevertheless, in claim (6), Walke sought damages for his allegedly unlawful arrest and subsequent incarceration. Where a prisoner

seeks monetary relief resulting from an allegedly unconstitutional conviction or imprisonment, the prisoner may bring a claim under section 1983. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).[3] However, absent proof that a "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," where a successful claim would "necessarily imply the invalidity of his conviction or sentence, … the complaint must be dismissed." <u>Id.</u>

Here, Walke's arrest followed the officers' execution of a valid search warrant, and his incarceration was based upon his guilty plea. He offered no proof that his conviction or sentence was reversed or otherwise called into question. Walke's claim for damages suffered as a result of his arrest and incarceration necessarily implies their invalidity. Accordingly, this claim is barred by <u>Heck</u>. <u>Id.</u>

IV.

We will also summarily affirm the order of the District Court that granted the officers summary judgment.

A.

---

[3] Walke also claimed that his continued detention is illegal. To the extent Walke challenged the fact or duration of his incarceration, a claim under section 1983 is not appropriate. Rather, habeas corpus is the appropriate remedy where a prisoner challenges the validity of his conviction or incarceration. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973).

Walke claimed that the officers violated his right to be free from an unreasonable search and seizure when they waited only thirty to forty seconds after knocking and announcing their presence before entering his home. Absent exigent circumstances, police officers are required to knock on the door of a dwelling and announce their presence prior to entering. Wilson v. Arkansas, 514 U.S. 927, 930 (1995). Exigent circumstances may arise when there is "a reasonable suspicion that knocking and announcing [the officers'] presence … would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." United States v. Banks, 540 U.S. 31, 36 (2003) (quoting Richards v. Wisconsin, 520 U.S. 385, 394 (1997)).

Here, the officers waited thirty to forty seconds, after knocking and announcing their presence, before forcibly entering Walke's residence. Their delay was longer than that deemed reasonable by the Supreme Court in Banks. Banks, 540 U.S. at 38 (concluding that "after 15 or 20 seconds without a response, police could fairly suspect that cocaine would be gone if they were reticent any longer") (citing numerous cases). Thus, the officers could reasonably suspect that Walke was engaged in the destruction of narcotics evidence, and this exigent circumstance supported their forcible entry.

B.

Walke also claimed that the officers used excessive force while transporting him to and from their field unit headquarters. According to Walke, the use of a blindfold and the officers' direction to lie on the floor of their car constitute excessive force. In determining whether the force used to affect a seizure is excessive, the question is

whether, under the totality of the circumstances, the officers' actions were objectively reasonable. Graham v. Connor, 490 U.S. 386, 398-99 (1989); Kopec v. Tate, 361 F.3d 772, 776-77 (3d Cir. 2004). Factors to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396. It is also important to consider whether "the physical force applied was of such an extent as to lead to injury." Mellott v. Heemer, 161 F.3d 117, 122 (3d Cir. 1998) (quoting Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997), abrogated on other grounds by Curley v. Klem, 499 F.3d 199 (3d Cir. 2007)).

Here, Walke cooperated with the officers and, following their recovery of a loaded firearm, posed little or no threat to their safety or the safety of others. The officers' actions were coercive, but only to the extent they deemed it necessary to maintain the secrecy of their field unit headquarters. The force used was negligible, and Walke suffered no injury. Under the circumstances, the officers' actions were objectively reasonable.

VI.

For the foregoing reasons, we will summarily affirm the judgment of the District Court.

8