**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3188
_____

ADA BANKS-SCOTT,
ANTONIO JONES;
SONYA JONES

ADA BANKS-SCOTT,
                                    Appellant

v.

CITY OF PHILADELPHIA; P/O SANSHERRYSE FRISBY, INDIVIDUALLY
& IN HER OFFICIAL CAPACITY AS A PHILA. POLICE OFFICER; P/O JOHN DOE,
INDIVIDUALLY & IN HIS OFFICIAL CAPACITY AS A PHILA. POLICE OFFICER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-09-cv-03712)
Magistrate Judge:  Honorable David R. Strawbridge
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2013

Before:  RENDELL, FISHER and GARTH, <u>Circuit Judges</u>

(Opinion filed: June 7, 2013 )
_____

OPINION
_____

PER CURIAM

Because the parties are familiar with the background, we present an abbreviated summary. Represented by counsel, Appellant Ada Banks-Scott brought a civil rights lawsuit in state court against the City of Philadelphia and Police Officer Sansherryse Frisby. Officer Frisby testified at a preliminary hearing on criminal charges lodged against Banks-Scott's grandson, Antonio Jones.[1] The parties encountered each other outside the courtroom after the hearing. The parties offer differing accounts of what occurred during the incident that ensued. No arrests were made that day, but as a result of the interaction, Banks-Scott was later arrested and charged with intimidation of a witness, retaliation against a witness, terroristic threats, and obstruction of justice. Banks-Scott maintains that she never made any threats. Ultimately, the charges against her were dismissed.

In her complaint, Banks-Scott made a claim against the City pursuant to <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658 (1978), and against Officer Frisby for false arrest and malicious prosecution under the Fourth Amendment. She also made state law claims against Officer Frisby for false imprisonment, malicious prosecution, and intentional infliction of emotional distress. The Defendants removed the action to federal court. Following a pretrial conference, and with the agreement of

---

[1] Jones and his mother, Sonya Jones, were also plaintiffs in Banks-Scott's lawsuit. Sonya Jones's claims were dismissed in March 2012, due to her failure to participate in pre-trial proceedings. Antonio Jones's claims were dismissed in July 2012, just before trial. Those dismissals are not in dispute and are not at issue here.

Banks-Scott's attorney, the presiding Magistrate Judge dismissed the Monell claim against the City and the state law claim of intentional infliction of emotional distress against Officer Frisby. The claims that remained for trial were the Fourth Amendment claims for unlawful seizure and malicious prosecution, and state law claims of false imprisonment and malicious prosecution, against Officer Frisby as the sole defendant. After a two-day trial, the jury found in Defendant Frisby's favor. The District Court entered judgment. Banks-Scott filed a pro se notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

We begin with the scope of this appeal. We are mindful of our jurisdiction only over orders specified in the notice of appeal or "fairly inferred" by the notice, see Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010). Here, the notice of appeal indicates Banks-Scott's intent to appeal from an order entered on July 10, 2012. See Fed. R. App. P. 3(c). No order was entered on that date, but the record shows the July 11, 2012 entry of the Magistrate Judge's order, dated July 10, 2012, dismissing certain claims after the pre-trial conference. As noted above, the claims were dismissed with the agreement of Banks-Scott's attorney. Further, Banks-Scott identifies no errors with respect to those dismissed claims, so those issues are waived. See, e.g., Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002) (issue is waived on appeal when identified in the statement of issues but not argued in the brief). We need not address the issues any further. Banks-Scott's briefs focus instead on the trial and the jury's verdict in favor of Officer Frisby, which was entered as judgment the next day, on July 12, 2012. Given our

3

heightened duty to construe a pro se notice of appeal liberally, see Gov't of the Virgin Islands v. Mills, 634 F.3d 746, 751 (2011), we conclude that the judgment can be fairly inferred by Banks-Scott's notice of appeal, and we will assume jurisdiction over the arguments in her briefs.

Banks-Scott asserts that the trial court allowed questioning that "[took] focus away from the real issue which was the wrongful attack of the officer against myself and the false imprisonment of . . . myself." Appellant's Brief at 4. She maintains that she was not involved in the altercation with Officer Frisby, and that the evidence and transcripts validate her position that Officer Frisby was the one who engaged in misconduct. See Appellant's Reply Brief at 1-2. Banks-Scott concedes that Officer Frisby and another officer testified that she threatened Officer Frisby, but she argues that their testimony was false. See id. at 2. On the record before us, which includes selected portions of the trial transcript, including Officer Frisby's testimony,[2] it is unclear whether Banks-Scott preserved her claim that the jury's verdict was against the weight of the evidence. In any event, we conclude that Banks-Scott has not established that she is entitled to a new trial, as the matter turns on a credibility dispute. A court must not substitute its judgment regarding the facts and witness credibility for that of the jury, especially on appeal. See William A. Graham Co. v. Haughey, 646 F.3d 138, 143 (3d Cir. 2011) (citing Sheridan v.

---

[2] Rule 10(b)(1) of the Federal Rules of Appellate Procedure requires an appellant to procure a transcript "as the appellant considers necessary." Albeit belatedly, Banks-Scott arranged for a partial trial transcript comprised of the testimony of select witnesses.

E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1076 (3d Cir. 1996)). In other words, it was the jury's duty--not ours--to weigh the evidence and determine the credibility of witnesses. We conclude that Banks-Scott has not met the "stringent" standard of establishing that a miscarriage of justice would result if the jury's verdict were to stand. See Sheridan, 100 F.3d at 1076.

Finally, we note that Banks-Scott also asserts that she was "not properly represented" by her attorney. Appellant's Brief at 1. However, her dissatisfaction with her attorney's performance does not entitle her to a new trial. See Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980) (sole remedy for ineffective legal representation in a civil lawsuit is a malpractice action against the offending attorney).

For the foregoing reasons, we will affirm the judgment of the District Court.