**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1129
_____

JAMEEL IBRAHIM,
                               Appellant

v.

NEW JERSEY OFFICE OF ATTORNEY GENERAL;
KOREA RODERIQUEZ; KOCEYDA HOPKINS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:19-cv-15405)
District Judge:  Honorable Kevin McNulty

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 22, 2021
Before:  JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed July 16, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Jameel Ibrahim filed a complaint against the Attorney General of New Jersey and several other defendants in a separate case in the District Court in March 2018, objecting to proceedings in a child support case. He alleges the hearing officer at an April 2000 hearing acted without jurisdiction and improperly coerced him to agree to paternity testing. The District Court eventually ruled that Ibrahim failed to state a claim in that complaint but gave him an opportunity to amend the complaint. In July 2019, Ibrahim filed three similar documents in that case as part of his effort to amend.[1] He then filed, in forma pauperis, a nearly identical document as the complaint in this case, naming the Attorney General as the sole defendant. ECF No. 1.[2]

In February 2020, Ibrahim filed an amended complaint, which was identical to the original, except that it named, in the caption, Koceyda Hopkins and Korea Rodriguez as additional defendants. ECF No. 8. Before Hopkins and Rodriguez were served, the Attorney General moved to dismiss the complaint and the District Court granted the motion. The District Court also dismissed the claims against the unserved defendants, ruling that Ibrahim failed to state a claim upon which relief can be granted and, alternatively, that Ibrahim's claims were precluded by the dismissal of his identical or

---

[1] Letters from Jameel Ibrahim, Ibrahim v. State of N.J. Att'y Gen., No. 18-cv-03461 (D.N.J. July 1, 8, and 10, 2019), ECF No. 73-75. Ibrahim appealed the District Court's eventual dismissal of that case. C.A. No. 21-1128.

[2] Ibrahim filed a civil cover sheet identifying the defendants as "New Jersey Attorney General, et al," but the caption of the complaint and certificate of service list only the Attorney General. ECF Nos. 1, 1-1, 1-2.

similar claims in his first case. ECF No. 20 at 7 n.2, 21.[3] Ibrahim moved for

reconsideration and the District Court denied the motion. Ibrahim appealed.[4]

I.

We have jurisdiction under 28 U.S.C. § 1291.[5] Because Ibrahim's timely appeal

from the denial of his motion for reconsideration "brings up the underlying judgment for

review," we will review the District Court's dismissal order as well as the order denying

reconsideration. See McAllister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992).

We review a district court's dismissal for failure to state a claim de novo.[6] Newark Cab

Ass'n. v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018) (Rule 12(b)(6)); Allah v.

Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (28 U.S.C. § 1915(e)(2)(B)(ii)). We review

---

[3] In February 2021, a month after Ibrahim filed his notice of appeal, an executed summons was filed in the District Court indicating that Hopkins was served in December 2020, between the District Court's dismissal of the case and denial of reconsideration. ECF No. 31.

[4] Ibrahim specified, in his notice of appeal, a non-existent order entered on January 10, 2021, and used a form that identified a different appellate court. However, we conclude that his notice of appeal is adequate to raise a challenge to the final judgment entered on January 4, 2021. See Gov't of the V.I. v. Mills, 634 F.3d 746, 751-52 (3d Cir. 2011) ("The duty to construe appeal notices liberally is heightened in cases involving pro se appellants.").

[5] Given the District Court's rulings, the recent service of the complaint on one defendant does not affect the finality of the judgment. The lack of service on another defendant also has no effect. See United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976).

[6] As Ibrahim was proceeding in forma pauperis, the District Court had the authority to dismiss the claims against then-unserved defendants sua sponte pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 n. 19 (3d Cir. 2002) (stating that non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)").

3

"a denial of a motion for reconsideration for abuse of discretion, but we review the District Court's underlying legal determinations de novo and factual determinations for clear error." Howard Hess Dental Labs. Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 246 (3d Cir. 2010). "We may affirm a district court for any reason supported by the record." Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

## II.

On appeal, Ibrahim's arguments are varied and wide-ranging,[7] but his focus is on an April 26, 2000 hearing conducted by a Child Support Hearing Officer. He claims that the officer acted without jurisdiction over him and improperly used the threat of default or incarceration to coerce him into agreeing to genetic testing. His arguments also include (1) objections to any system of compelled child support; (2) contentions that the Title IV-D system, see 42 U.S.C. §§ 651-669b, which requires states to maintain child support enforcement programs in order to qualify for certain federal funds, see Blessing v. Freestone, 520 U.S. 329, 332-34 (1997), is constitutionally infirm or must be fully voluntary; (3) claims that New Jersey's statutory and administrative implementation of Title IV-D's requirements is unconstitutional; and (4) arguments that the particular treatment of his case failed to adhere to New Jersey's regulations or violated his due

---

[7] Our review is limited to those arguments properly made before the District Court. See Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021) (arguments raised for the first time on appeal are forfeited and considered only under truly exceptional circumstances).

process rights. Upon review, we conclude, as the District Court did, that Ibrahim failed to allege sufficient facts to state a plausible federal claim against any of the defendants.

In support of his argument that the New Jersey courts lacked personal jurisdiction over him, Ibrahim cites his heritage and claims to be an "American National and non U.S. Citizen" based on his own declaration, suggesting that these allegations have jurisdictional relevance. These arguments are frivolous. See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (explaining that a person claiming to be a "sovereign citizen" is "not beyond the jurisdiction of the courts," and that "[t]hese theories should be rejected summarily, however they are presented"); cf. United States v. Anzaldi, 800 F.3d 872, 878 (7th Cir. 2015) (discussing "sovereign citizen" and "Moorish national" claims).

Next, Ibrahim contends that personal jurisdiction could not be established by compulsion and treats Title IV-D proceedings as matter of contract. He relies on a meritless argument that Title IV-D is somehow less binding because Title 42 of the United States Code has not been enacted as positive law. "Congress's failure to enact a title into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable." Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985). When a title has not been enacted as positive law, the Statutes at Large provide the definitive legal text, rather than the United States Code. U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 448 (1993). Ibrahim does not cite any discrepancies between these sources. And, contrary to Ibrahim's contentions, the fact that federal and state law permit voluntary acknowledgement of paternity plainly does not demonstrate that personal jurisdiction in child custody cases can only be

5

established through explicit consent.  Leaving aside these frivolous arguments, Ibrahim

did not allege sufficient facts to support his conclusory claim that the New Jersey courts

lacked personal jurisdiction.[8]

Ibrahim contends that he is challenging the constitutionality of a state statute, but

he either restates his jurisdictional objections or makes generalized appeals to due process

without specific facts.  In support of his due process claim, Ibrahim cites various

provisions of New Jersey statues and regulations and claims that they were not correctly

followed in his case.  These arguments, which often misstate the applicable law,[9] do not

support a federal due process claim in this case.

---

[8] Ibrahim cites to one subclause of the then-applicable New Jersey statute governing personal jurisdiction over non-residents in child support cases but did not allege that he was not a New Jersey resident at the time of the case or address the six other potential bases for personal jurisdiction within that provision.  See N.J. Stat. Ann. § 2A:4-30.68 (1998) (current version at N.J. Stat. Ann. § 2A:4-30.129).

[9] For instance, Ibrahim argues that he did not receive notice of the OCSS' administrative complaint procedures, as required by N.J. Admin. Code § 10:110-4.2.  That section was adopted by a new rule in 2004, and so was not in place at the time of the April 2000 hearing.  See 36 N.J. Reg. 1207(a) (Mar. 1, 2004).  He also cites to N.J. Admin. Code § 10:110-5.3 and claims that it applies to his case.  But the "administrative enforcement" addressed in that provision "means the use of high volume automated data processing to search various State data bases," not, as Ibrahim assumes, the use of Child Support Hearing Officers.  N.J. Admin. Code § 10:110-1A.1.

Ibrahim also contends that the hearing officer at the April 2000 hearing violated New Jersey Court Rule 4:43-2(b).  That provision allows a court to enter a default judgment in certain circumstances on the motion of a party.  Ibrahim emphasizes that it does not apply to "Family Part matters recognized by Part V of these rules," and suggests that default judgment is therefore unavailable in Family Part cases.  See N.J. Ct. R. 4:43-2(b).  But this passage was only added to the rule in 2007.  See 2 N.J. Prac., Ct. R. Ann. R. 4:43-2 (West 2021).  And the present rules provide for default judgments in Family Part cases in a separate provision within Part V.  N.J. Ct. R. 5:5-10.

Ibrahim argues that the hearing officer wrongly threatened to recommend contempt and incarceration. At the time of the April 2000 hearing, Rule 5:25-3 permitted a Child Support Hearing Officer to request that the court adjudicate a person in contempt. See 2 N.J. Prac., Ct. R. Ann. R. 5:25-3 (West 2021). Ibrahim does not allege that contempt proceedings were initiated. And, to the extent that Ibrahim is arguing that counsel should have been appointed for him, there is no automatic federal right to counsel at civil contempt proceedings for an indigent person subject to a child support order, even if that individual faces up to a year of incarceration. See Turner v. Rogers, 564 U.S. 431, 448 (2011). Ibrahim also claims that the hearing officer exceeded her authority, but his arguments are not consistent with his factual allegations. A Child Support Hearing Officer may not resolve contested paternity cases but may "recommend that the court order a party to participate in blood or genetic tests for the purpose of establishing paternity." N.J. Ct. R. 5:25-3. Ibrahim has not alleged a due process (or any federal) claim against the defendants based on the hearing officer's actions.[10]

Finally, Ibrahim identifies no applicable legal basis for his claim that New Jersey violates federal privacy laws by soliciting the Social Security Number of a non-custodial parent from a custodial parent, or that the custodial parent violates the law by providing the Social Security Number.

---

[10] Ibrahim claims that either the hearing officer's conduct or New Jersey's implementation of Title IV-D violates federal separation of powers principles. Even if Ibrahim alleged sufficient facts to support a separation of powers claim, it would concern the separation of powers within the government of New Jersey and would not be a federal constitutional claim.

While Ibrahim may regret submitting to genetic paternity testing twenty-one years ago, he did not provide sufficient allegations to state plausible federal claims against the defendants based on alleged infirmities in Title IV-D, New Jersey's implementation of that Title, or the specific proceedings in his case. The District Court properly dismissed Ibrahim's complaint for failure to state a claim.[11] Ibrahim sought reconsideration merely because of his disagreement with the District Court's analysis; that disagreement did not provide a basis for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The District Court did not abuse its discretion in denying reconsideration.

III.

Accordingly, we will affirm the judgment of the District Court.[12]

---

[11] Given this conclusion, we need not consider the District Court's alternative basis of claim preclusion.

[12] Ibrahim submitted a supplemental reply brief and moved for leave to file it. 3d Cir. ECF No. 16. We grant that motion and we have considered the filed brief.