**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2363
_____

PAUL F. WILLIAMS;
MAKSWILL GROUP CORPORATION

v.

YING ZHOU; GUOLIANG TIAN, a/k/a TONY TIAN;
JIHAHAO INTERNATIONAL GROUP LTD.


PAUL F. WILLIAMS,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-14-cv-05544)
District Judge: Honorable Kevin McNulty
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 21, 2021

Before: SMITH, *Chief Judge*, McKEE, and RESTREPO, *Circuit Judges*

(Filed: September 22, 2021)

_____

_____

SMITH, *Chief Judge.*

Paul Williams appeals the District Court's grant of summary judgment in favor of defendants Ying Zhou, Guoliang Tian, and Jiahao International Group, Ltd. (collectively, "Defendants").  We will affirm.

## I.

Because we write only for the parties, who are familiar with the facts and procedural history, we will not recite them except as necessary to our discussion.

In 2014, Williams's business, the Makswill Group, was an authorized representative of Antigua and Barbuda's Citizenship by Investment Program (CIP). According to Williams, from May through August 2014, he, Makswill, and Defendants entered into an oral agreement whereby Williams would exclusively facilitate CIP applications—with discounted investment requirements, to be negotiated by Williams—to clients provided by Defendants.  Defendants would pay Williams a percentage of the fee for each client application he handled, and Defendants in turn would work with no other CIP representatives.

---

This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Defendants deny any such oral agreement. The parties did prepare a one-page written agreement reflecting certain portions of this arrangement (although not the exclusivity provision), but the per-client fee amount was never agreed upon and the written agreement covered only a two-week period.

By August 2014, Defendants had not provided clients to Williams for CIP applications, and Williams had not obtained discounted CIP investment requirements. Defendants apparently then began working directly with the Antiguan government and other CIP representatives rather than with Williams. Considering this a breach of the exclusivity provision of the purported oral agreement, Williams demanded that Defendants pay him $322,500 to reimburse him for over 1,100 hours of work, travel to Antigua, and other expenses. Defendants did not pay, so Williams and Makswill sued them for breach of contract and equitable relief. After years of litigation, the District Court, in a careful and thorough opinion, granted summary judgment to Defendants on all counts. Williams filed a notice of appeal.[1]

---

[1] Makswill did not file a notice of appeal in compliance with Rule 3(c) of the Federal Rules of Appellate Procedure. Makswill's name does not appear anywhere on the notice of appeal that Williams filed; indeed, Williams removed Makswill's name from the case caption. Because Makswill was not specified anywhere in the notice of appeal, we lack jurisdiction over Makswill's appeal. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314 (1988) (federal courts lack jurisdiction over appeal of a party not specified in the notice of appeal pursuant to Fed. R. App. P. 3(c)); *Gov't of V.I. v. Mills*, 634 F.3d 746, 752 (3d Cir. 2011) ("[A] lack of prejudice will not save a notice that totally fails to comply with the rules."). The

## II.[2]

In order for a contract loss to be compensable, the loss must be a reasonably certain consequence of the breach. *Donovan v. Bachstadt*, 453 A.2d 160, 165–66 (N.J. 1982). Here, however, even if the dispute of fact over the existence of an oral contract were to be resolved in Williams's favor, Williams did not claim that the contract provided for reimbursement for hours worked, travel, and other expenses. *See* Williams Br. 15 ("Williams was incentivized to assist Appellees because he was promised a share of whatever commission or discounts the Antiguan Government would hopefully award Appellees, if any of their proposals was successful."). Because Williams did not identify a loss arising as a consequence of the alleged breach, the District Court correctly concluded that he did not present a claim for breach of contract under New Jersey law. *See Nelson v. Elizabeth Bd. of Ed.*, 246 A.3d 802, 812 (N.J. Super. Ct. 2021) (establishing a claim for breach of

---

arguments in Makswill's brief largely mirror those that Williams had presented in any event. Accordingly, even if we were to exercise jurisdiction over Makswill, Makswill's arguments would fail on the merits for the reasons we discuss in this opinion.

[2] The District Court exercised diversity jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's order granting summary judgment. *Saldana v. Kmart Corp.*, 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is appropriate if there is no genuine dispute as to any material fact, entitling the moving party to judgment as a matter of law. *Id.* Because the District Court applied New Jersey law to Williams's claims and no party disputes the choice of law, we will apply New Jersey law as well.

contract requires that the plaintiff must, *inter alia*, provide proof of a breach causing the claimant to sustain damages).  Summary judgment on the breach of contract claim was therefore appropriate.

Williams further argues that he is entitled to recovery based on equitable remedies of quantum meruit and unjust enrichment because "Defendants used Williams' services to their benefit, then simply walked away from the agreement." Williams Br. 50.  But as Williams observes, to recover on a quasi-contract theory, New Jersey law requires an expectation of compensation for the services that were rendered.  Williams Br. 53 (citing *Starkey, Kelly, Blaney & White v. Estate of Nicolaysen*, 796 A.2d 238, 243 (N.J. 2002)).  The District Court found no evidence that Williams was justified in any expectation that he would be compensated for his expenses because there was no evidence of any agreement to pay his expenses or hourly rates.  After a careful review of the record, we agree.

### III.

Judge McNulty's opinion is a thorough statement of his reasoning and fully supports his judgment.  We have considered all of Williams's arguments and find no ground for reversal.  Accordingly, essentially for the reasons given by the District Court, we will affirm the grant of summary judgment to Defendants.