ALD-203                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3426
_____

DEREK PINKINS,
                                        Appellant
                    v.

BORITH LONG, 9527;
ERNEST HALL, 8555

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-02292)
District Judge:  Honorable Wendy Beetlestone

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2016

Before: AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: April 6, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Derek Pinkins appeals the District Court's order denying his motion for reconsideration. For the reasons below, we will summarily affirm the District Court's order.

In April 2015, Pinkins filed a complaint against two police officers in which he alleged that in December 2013, two religious books were taken from him at his arrest. When he asked about them, he was told that, per a supervisor, they were being held as evidence. Pinkins later learned that the books were destroyed.

By order entered May 5, 2015, the District Court dismissed the complaint with leave to file an amended complaint within thirty days. The Court advised Pinkins that "[i]n his amended complaint, plaintiff shall state: (1) how each defendant, named in the caption of his complaint, has violated his constitutional rights, (2) the dates on which the events giving rise to his claims occurred, and (3) what harm, if any, he has suffered from the actions of each defendant."

Pinkins then filed a motion for the appointment of counsel which the District Court granted and referred to the Prisoner Civil Rights Panel.[1] It also granted Pinkins additional time until August 20, 2015, to file his amended complaint. When no amended complaint was filed by that deadline, the District Court closed the case. Pinkins filed a motion for reconsideration requesting additional time to file an amended complaint. He did not include an amended complaint, make any additional allegations, or explain why

---

[1] It appears that no counsel took the case.

he needed additional time. The District Court denied the motion for reconsideration, and Pinkins filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. While the notice of appeal references only the order denying his motion for reconsideration, we will liberally construe the notice as also seeking review of the earlier order dismissing the complaint without prejudice. Nationwide Mut. Ins. Co. v. Cosenza, 258 F.3d 197, 202 n.1 (3d Cir. 2001); see also Gov't of the Virgin Islands v. Mills, 634 F.3d 746, 751 (3d Cir. 2011). Our review of the District Court's dismissal of the complaint is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court did not give any reasons for its dismissal of the complaint. But to the extent that Pinkins sought to bring a due process claim challenging the destruction of his property, his allegations were insufficient to state a claim. In order to state such a claim, Pinkins must have used any procedures available to challenge the deprivation, unless they were unavailable or inadequate. See Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). "A due process violation 'is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.' If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." Id. (citation omitted).

3

As Pinkins did not describe any steps he took to request compensation for his lost property, the District Court did not err in dismissing the complaint with leave to amend.

We generally review a district court's denial of a motion for reconsideration for an abuse of discretion. However, if the denial is based on a legal question, our review is plenary. Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). A motion for reconsideration is for correcting manifest errors of law or presenting newly discovered evidence. "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). Pinkins alleged none of these grounds in his motion. To the extent that the motion for reconsideration is construed as being filed pursuant to Fed. R. Civ. P. 60(b), Pinkins did not set forth any grounds which would support relief from the judgment.[2] Because Pinkins did not give any reasons for the District Court to reconsider its judgment, the District Court did not err in denying his motion.

---

[2] Under Rule 60(b), a party may move for relief from the judgment based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Summary action is appropriate if there is no substantial question presented in the appeal. <u>See</u> Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court's orders. <u>See</u> Third Circuit I.O.P. 10.6.