NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1128
_____

JAMEEL IBRAHIM a/k/a James Holloway,
Appellant

v.

STATE OF NEW JERSEY ATTORNEY GENERAL;
ESSEX COUNTY PROBATION SERVICES DIVISION;
N.J. ADMINISTRATIVE OFFICE OF THE COURTS;
NJ DEPARTMENT OF HUMAN SERVICES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:18-cv-03461)
District Judge: Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 22, 2021
Before: JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed July 16, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Jameel Ibrahim filed suit against the defendants objecting to proceedings in a child support case. He alleges the hearing officer at an April 2000 hearing acted without jurisdiction and improperly coerced him to agree to paternity testing. On the defendants' motions, the District Court ruled that Ibrahim failed to state a claim. The District Court dismissed the complaint without prejudice to the submission, within 30 days, of a motion to amend.[1] Ibrahim took an appeal, which we dismissed for lack of appellate jurisdiction. Order, C.A. No. 19-1270 (June 5, 2019).

In the District Court, Ibrahim filed a document titled as a motion for leave to amend under Federal Rule of Civil Procedure 15, but which consisted of a proposed amended memorandum opinion. ECF No. 66.[2] He then filed three largely duplicative documents with the District Court, listing several "causes of action." ECF Nos. 73-75.[3] The District Court construed Ibrahim's motion for leave to amend and these three further

[1] The District Court construed Ibrahim's numerous filings as supplementation of his position and further opposition to the motions to dismiss, but denied them to the extent that they stood as independent motions. In one such filing, Ibrahim moved for leave to amend and add additional parties, attaching an entirely new complaint addressed solely to these new parties and apparently focused on the suspension of his driver's license. ECF No. 30. After the District Court denied the motion, Ibrahim did not include these parties in his further efforts to amend his complaint or otherwise mention them.

[2] It appears that Ibrahim copied the text of an order issued by the United States District Court for the Northern District of Texas, added a few passages from other sources, and changed the names and related details. See Calhoun v. Wash. DHS Child Support Div., No. 3-18-cv-1477, 2018 WL 2865315 (N.D. Tex. June 11, 2018). This explains the otherwise puzzling references to transfer and severance.

[3] Ibrahim also filed a nearly identical document as the complaint in a new case against one of the appellees. Complaint, Ibrahim v. N.J. Off. of the Att'y Gen., No. 2:19-cv-15405 (D.N.J. July 15, 2019), ECF No. 1.

filings collectively as a motion to amend the complaint and denied it. ECF Nos. 93 & 94. The District Court also ruled that further amendment would be futile and dismissed the action without prejudice. ECF Nos. 93 & 95. Ibrahim sought reconsideration, which the District Court denied. Ibrahim promptly appealed.[4]

I.

We have jurisdiction under 28 U.S.C. § 1291. Ibrahim's timely appeal from the order denying reconsideration "brings up the underlying judgment for review." McAllister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992). We exercise de novo review over the dismissal of Ibrahim's action. Newark Cab Ass'n. v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). We review a district court's denial of leave to amend for abuse of discretion and review de novo a determination that amendment would be futile. U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014). And we review "a denial of a motion for reconsideration for abuse of discretion, but we review the District Court's underlying legal determinations de novo and factual determinations for clear error." Id. at 848 (quoting Howard Hess Dental Labs. Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 246 (3d Cir. 2010)). "We may affirm a district court

---

[4] Ibrahim specified, in his notice of appeal, a non-existent order entered on January 10, 2021, and used a form that identified a different appellate court. However, we conclude that his notice of appeal is adequate to raise a challenge to the final judgment entered on January 8, 2021. See Gov't of the V.I. v. Mills, 634 F.3d 746, 751-52 (3d Cir. 2011) ("The duty to construe appeal notices liberally is heightened in cases involving pro se appellants.").

for any reason supported by the record." Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

## II.

On appeal, Ibrahim's arguments are varied and wide-ranging,[5] but his focus is on an April 26, 2000 hearing conducted by a Child Support Hearing Officer. He claims that the officer acted without jurisdiction over him and improperly used the threat of default or incarceration to coerce him into agreeing to genetic testing. His arguments also include (1) objections to any system of compelled child support; (2) contentions that the Title IV-D system, see 42 U.S.C. §§ 651-669b, which requires states to maintain child support enforcement programs in order to qualify for certain federal funds, see Blessing v. Freestone, 520 U.S. 329, 332-34 (1997), is constitutionally infirm or must be fully voluntary; (3) claims that New Jersey's statutory and administrative implementation of Title IV-D's requirements is unconstitutional; and (4) arguments that the particular treatment of his case failed to adhere to New Jersey's regulations or violated his due process rights. Upon review, we conclude, as the District Court did, that Ibrahim failed to allege sufficient facts to state a plausible federal claim against any of the defendants.

In support of his argument that the New Jersey courts lacked personal jurisdiction over him, Ibrahim cites his heritage and claims to be an "American National and non U.S. Citizen" based on his own declaration, suggesting that these allegations have

---

[5] Our review is limited to those arguments properly made before the District Court. See Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021) (arguments raised for the first time on appeal are forfeited and considered only under truly exceptional circumstances).

4

jurisdictional relevance.[6] These arguments are frivolous. See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (explaining that a person claiming to be a "sovereign citizen" is "not beyond the jurisdiction of the courts," and that "[t]hese theories should be rejected summarily, however they are presented"); cf. United States v. Anzaldi, 800 F.3d 872, 878 (7th Cir. 2015) (discussing "sovereign citizen" and "Moorish national" claims).

Next, Ibrahim contends that personal jurisdiction could not be established by compulsion and treats Title IV-D proceedings as matter of contract. He relies on a meritless argument that Title IV-D is somehow less binding because Title 42 of the United States Code has not been enacted as positive law. "Congress's failure to enact a title into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable." Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985). When a title has not been enacted as positive law, the Statutes at Large provide the definitive legal text, rather than the United States Code. U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 448 (1993). Ibrahim does not cite any discrepancies between these sources. Leaving aside these frivolous arguments, Ibrahim did not allege sufficient facts to support his conclusory claim that the New Jersey courts lacked personal jurisdiction.[7]

---

[6] Ibrahim filed a purported declaration of nationality with the District Court citing a law concerning residents of the Commonwealth of the Northern Mariana Islands. ECF No. 88.

[7] Similarly, he did not allege any facts to support his assertion that compelled child support interferes with his religious practices.

5

Ibrahim contends that he is challenging the constitutionality of a state statute, but this appears to be merely another variation of his jurisdictional arguments. See Appellant's Br., 3d Cir. ECF No. 6 at 5 (Ibrahim sought review of whether "the New Jersey State Child Support agency enforcement statutes" conflict with "the protected Constitutional rights of the individual that is directed to address Jurisdiction."). In support of his due process claim, Ibrahim cites various provisions of New Jersey statues and regulations and claims that they were not correctly followed in his case. These arguments, which often misstate the applicable law,[8] do not support a federal due process claim in this case.

Ibrahim argues that the hearing officer wrongly threatened to recommend contempt and incarceration. At the time of the April 2000 hearing, Rule 5:25-3 permitted a Child Support Hearing Officer to request that the court adjudicate a person in contempt. See 2 N.J. Prac., Ct. R. Ann. R. 5:25-3 (West 2021). Ibrahim does not allege that

---

[8] For instance, Ibrahim argues that he did not receive notice of the OCSS' administrative complaint procedures, as required by N.J. Admin. Code § 10:110-4.2. That section was adopted by a new rule in 2004, and so was not in place at the time of the April 2000 hearing. See 36 N.J. Reg. 1207(a) (Mar. 1, 2004).

Ibrahim also contends that the hearing officer at the April 2000 hearing violated New Jersey Court Rule 4:43-2(b). That provision allows a court to enter a default judgment in certain circumstances on the motion of a party. Ibrahim emphasizes that it does not apply to "Family Part matters recognized by Part V of these rules," and suggests that default judgment is therefore unavailable in Family Part cases. See N.J. Ct. R. 4:43-2(b). But this passage was only added to the rule in 2007. See 2 N.J. Prac., Ct. R. Ann. R. 4:43-2 (West 2021). And the present rules provide for default judgments in Family Part cases in a separate provision within Part V. N.J. Ct. R. 5:5-10.

6

contempt proceedings were initiated. And, to the extent that Ibrahim is arguing that counsel should have been appointed for him, there is no automatic federal right to counsel at civil contempt proceedings for an indigent person subject to a child support order, even if that individual faces up to a year of incarceration. See Turner v. Rogers, 564 U.S. 431, 448 (2011). Ibrahim has not alleged a due process (or any federal) claim against the defendants based on the hearing officer's actions.[9]

While Ibrahim may regret submitting to genetic paternity testing twenty-one years ago, he did not provide sufficient allegations to state plausible federal claims against the appellees based on alleged infirmities in Title IV-D, New Jersey's implementation of that Title, or the specific proceedings in his case. The District Court did not err in denying the motion to amend, determining that further amendment would be futile, and dismissing the action. Ibrahim sought reconsideration merely because of his disagreement with the District Court's analysis; that disagreement did not provide a basis for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The District Court did not abuse its discretion in denying reconsideration.

## III.

Accordingly, we will affirm the judgment of the District Court.[10]

---

[9] Ibrahim claims that either the hearing officer's conduct or New Jersey's implementation of Title IV-D violates federal separation of powers principles. Even if Ibrahim alleged sufficient facts to support a separation of powers claim, it would concern the separation of powers within the government of New Jersey and would not be a federal constitutional claim.

[10] Ibrahim's motions (3d Cir. ECF No. 15 and 16) to file additional reply briefs are

7



granted.