ALD-010                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1433
_____

JAMOR J. DEMBY,
Appellant

v.

COUNTY OF CAMDEN; CAMDEN COUNTY BOARD OF FREEHOLDERS; CITY
OF CAMDEN; CAMDEN COUNTY JAIL; LOUIS CAPPELLI, JR.; EDWARD T.
MCDONNELL; JEFFER L. NASH; CARMEN G. RODRIGUEZ;
JOHNATHAN L. YOUNG, SR.; MELINDA KANE; BARBARA HOLCOMB;
CAMDEN COUNTY CORRECTIONAL FACILITY; JOSEPH RIPA;
CAMDEN COUNTY DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:20-cv-13892)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 14, 2021
Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 26, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Jamor J. Demby, a prisoner proceeding pro se and in forma pauperis, appeals the sua sponte dismissal of his civil action as untimely. We will affirm the District Court's judgment.

I.

Demby initiated this 42 U.S.C. § 1983 action in October 2020 and later filed the operative amended complaint against various defendants, asserting Fourteenth and Eighth Amendment claims relating to his July 2004 arrest and subsequent confinement in Camden County Correctional Facility ("CCCF"). Specifically, Demby alleged he was strip-searched during processing, despite being arrested on a municipal warrant, and, for approximately 20 to 21 months, forced to sleep on a thin mattress on the floor of a cell already at maximum capacity.

The District Court, screening Demby's amended complaint under 28 U.S.C. § 1915(e)(2)(B), dismissed it with prejudice as time barred. The District Court also denied a motion for appointment of counsel that Demby had filed. Demby filed a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and a notice of appeal. While the Rule 59(e) motion was pending, Demby filed a letter in this Court in which he stated his intention to appeal the decision on the motion, whatever it might be, 3d Cir. ECF No. 13, and, less than 30 days after the District Court denied the

2

Rule 59(e) motion, he filed an additional document to certify that he was taking an appeal in good faith, 3d Cir. ECF No. 16.

## II.

As an initial matter, we must determine the scope of this appeal. As Demby timely appealed from the District Court's order dismissing his complaint and denying his motion for appointment of counsel, we have jurisdiction to review that order. We will also review the subsequent order denying the timely motion for reconsideration. Namely, Demby's filings with this Court—specifically, a letter indicating his intent to appeal the anticipated denial of his Rule 59(e) motion and subsequent document certifying that he takes an appeal in good faith—taken together and afforded liberal construction, cf. Gov't of the V.I. v. Mills, 634 F.3d 746, 751 (3d Cir. 2011), indicate his timely intent to appeal from that order, see Fed. R. App. P. 4(a)(1)(A) (describing 30-day deadline to appeal).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal of the complaint, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), while we review the denial of Demby's motion for appointment of counsel and subsequent Rule 59(e) motion for abuse of discretion, see Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

3

III.

Although the statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), a court may dismiss claims sua sponte if a time-bar is obvious from the face of the complaint and no further development of the record is necessary. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Jones v. Bock, 549 U.S. 199, 215 (2007); Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009). As the District Court recognized, New Jersey's two-year statute of limitations for personal injury claims applies to Demby's § 1983 claims, see Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); N.J. Stat. Ann. § 2A:14-2, and the limitations period began to run when Demby "knew or should have known of the injury upon which [the] action is based," Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Here, the incidents giving rise to Demby's claims took place between 2004 and 2006, and Demby's complaint demonstrates that he was aware of the alleged injuries when they occurred. He did not, however, commence this action until October 2020, more than a decade after the limitations period expired. His action is thus clearly time barred.[1]

In his Rule 59(e) motion and related filings, Demby argued that his incarceration, as well as his membership in a class action challenging the conditions at CCCF, Dittimus-Bey v. Taylor, D.N.J. Civ. No. 05-cv-00063, warranted tolling of the limitations

---

[1] Given that it properly dismissed Demby's complaint, the District Court did not abuse its discretion in denying the motion for appointment of counsel. See Parham, 126 F.3d at 457; Tabron v. Grace, 6 F.3d 147, 155-58 (3d Cir. 1993).

4

period. The District Court carefully considered these arguments, and we agree with its disposition for substantially the same reasons provided in its opinion. Notably, the generally applicable state tolling provisions do not provide for tolling due to confinement, see N.J. Stat. Ann. §§ 2A:14-21–14-26.2, and we do not perceive any basis to apply equitable tolling here, see Lake v. Arnold, 232 F.3d 360, 370 & n.9 (3d Cir. 2000) (describing circumstances justifying equitable tolling); Freeman v. State, 788 A.2d 867, 880 (N.J. Super. Ct. App. Div. 2002) (rejecting argument that plaintiffs were prevented from filing action due to incarceration where they failed to "offer any explanation as to how or who prevented them from exercising their right to file suit"). And even assuming Demby's participation in the Dittimus-Bey litigation could have tolled the limitations period, that case was closed for more than two years before Demby filed this action. As Demby did not otherwise raise arguments to demonstrate "an intervening change in controlling law[,] the availability of new evidence[,] or . . . the need to correct clear error of law or prevent manifest injustice," Lazaridis, 591 F.3d at 669, the District Court did not abuse its discretion in denying the Rule 59(e) motion to reconsider its dismissal with prejudice of Demby's claims. Cf. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile).

5

IV.

Accordingly, we will affirm the judgment of the District Court.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.[2]

---

[2] Demby's motion for appointment of counsel is denied.  See Tabron, 6 F.3d at 155-57.