**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2148

_____

UNITED STATES OF AMERICA

v.

TASHAWN T.A. WARNER,
                                   Appellant

_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Crim. No. 3:20-cr-00036-002)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 9, 2024
_____

Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, MONTGOMERY-REEVES, and FISHER, <u>Circuit</u>
<u>Judges</u>

(Filed: January 3, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

CHAGARES, Chief Judge.

Tashawn T.A. Warner was sentenced to 135 months of imprisonment after pleading guilty to conspiring to commit a Hobbs Act robbery. His attorney has filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). For the reasons below, we will grant the motion and affirm the judgment of sentence.

I.

We write primarily for the parties and so recite only those facts pertinent to our decision. Warner and his co-conspirators robbed a jewelry store in the Virgin Islands in September 2020. Warner brandished a firearm and threatened the store employees, while one of his accomplices struck an employee in the head with his firearm. They broke the glass showcases, stole a large quantity of jewelry, and fled the scene.

A grand jury returned an indictment on November 19, 2021, charging Warner and his co-conspirators with thirteen violations of both federal and Virgin Islands criminal law. Warner was charged with three federal crimes, including committing and conspiring to commit Hobbs Act robbery and possessing a firearm during and in relation to a crime of violence. The indictment also charged him with several violations of Virgin Islands criminal law, including robbery, possession of a firearm with intent to commit a crime of violence, grand larceny, and unlawful possession of firearms and ammunition. Warner entered into a plea agreement, under which he pled guilty to conspiring to commit a Hobbs Act robbery, which carries a maximum penalty of twenty years of imprisonment. 18 U.S.C. § 1951(a). The agreement calculated a sentencing range of 78 to 97 months of imprisonment under the United States Sentencing Guidelines ("Guidelines"), assuming

2

that a Category I criminal history would apply. Warner waived his right to appeal his sentence in the plea agreement but retained the right to assert an ineffective assistance of counsel claim.

After the presentence report applied a Category II criminal history, however, the Government filed a sentencing memorandum that advocated for an increased sentencing range of 108 to 135 months of imprisonment. Defense counsel moved to withdraw from the plea agreement, alleging that it was "predicated on fraud in the inducement." Appendix ("App.") 172. The District Court dismissed this motion, holding that the plea agreement provided that the Government could update its recommendation if Warner's criminal history category was increased. The District Court also noted that the criminal conduct contributing to Warner's increased criminal history, a pardoned conviction of simple possession of marijuana, was properly included, as "the U.S. Sentencing Commission requires that pardoned sentences be counted in the computation of criminal history points." App. 177 n.2 (citing U.S.S.G. § 4A1.2 cmt. n.10).

The District Court sentenced Warner to 135 months of imprisonment on January 5, 2023. This sentence was based on a final offense level of 30 and a Category II criminal history, for which the Guidelines recommended 108 to 135 months of imprisonment. The District Court noted that even if defense counsel were correct that a lower range should apply, "the 135 [months] is appropriate." App. 57. Judgment was entered on January 17, 2023.

Warner handwrote a <u>pro se</u> motion, titled "Motion to Appeal for Ineffective Counsel," on January 26, 2023, via an envelope postmarked on January 30. Though its

3

title contains the word "appeal," Warner's requested relief was that "the court appoint new counsel from the Criminal Justice Act Panel." Gov't Supp. App. 8–9. The District Court never docketed this as a notice of appeal, but rather as a motion to appoint new counsel.

Warner handwrote another pro se motion on June 4, 2023, postmarked the next day. In this motion, Warner wrote that he "would like to appeal [the] case under the Section 2255 motion" and requested court-appointed counsel. App. 1. This motion was docketed as a notice of appeal. Warner's attorney now seeks to withdraw, alleging that there is no viable basis for appeal. The Government agrees.

## II.[1]

Under Anders, court-appointed counsel may — after finding any appeal "to be wholly frivolous" after careful examination of the record — file a brief so "advis[ing] the court and request[ing] permission to withdraw." 386 U.S. at 744. This Court must consider "1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a), and 2) whether an independent review of the record presents any nonfrivolous issues." Simon v. Gov't of Virgin Islands, 679 F.3d 109, 114 (3d Cir. 2012). We "exercise plenary review to determine whether there are any such issues" and review factual findings for clear error. Id. Forfeited issues, however, are reviewed for plain error. See United States v. Brito, 979 F.3d 185, 190 (3d Cir. 2020).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612(c). We have jurisdiction to review Warner's conviction and sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

The withdrawing counsel's brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues" and "explain why the issues are frivolous." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). An appeal is frivolous if "the appeal lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988). If "the Anders brief initially appears adequate on its face," the second step of our inquiry is guided "by the Anders brief itself." Youla, 241 F.3d at 301 (quotation omitted). "[A] complete scouring of the record" is unnecessary. Id.

Because the Anders brief is facially adequate, we confine our review to the issues identified by the brief. Warner's counsel has identified four main areas of review: (1) whether Warner's appeal was timely; (2) whether the calculation of the recommended sentencing range under the Guidelines was correct; (3) whether Warner's change of plea and appellate waiver were valid; and (4) whether the District Court's sentence was reasonable. Warner did not file a pro se brief in response.

A.

We first consider whether Warner's appeal is timely. Criminal defendants have fourteen days to appeal after entry of judgment. Fed. R. App. P. 4(b)(1)(A). A pro se prisoner's notice of appeal is considered filed once it is delivered to prison authorities to send to the district court. Id. 4(c)(1). While Warner's counsel examines only the letter that Warner sent on June 5, the Government disagrees and suggests that "there appears to be a non-frivolous argument that the earlier filing [on January 30] was a timely notice of appeal." Gov't Br. 22.

5

We agree with the Government that Warner's appeal is timely. "The duty to construe appeal notices liberally is heightened in cases involving <u>pro</u> <u>se</u> appellants." <u>Gov't of Virgin Islands v. Mills</u>, 634 F.3d 746, 751 (3d Cir. 2011). This Court "will deem a document filed by a pro se litigant . . . to be a notice of appeal despite informality in its form or title, if it evidences an intention to appeal." 3d Cir. L.A.R. 3.4 (2011). While the focus of Warner's first handwritten motion was appointment of counsel, it unambiguously refers to an appeal in its title and his objection to the sentencing. Because Warner's filing was postmarked for January 30 regarding the entry of judgment on January 17, his appeal was within the fourteen-day time limit.[2] <u>See</u> Fed. R. App. P. 4(c)(1)(A)(ii) (noting that a postmark will suffice as proof of timeliness).

B.

Because Warner's appeal was timely, we next discuss whether Warner's sentencing range was properly calculated. Defense counsel and the Government agree that Warner's pardoned conviction for simple marijuana possession was properly incorporated into the sentencing recommendation under the Guidelines. For the reasons set forth below, we agree.

---

[2] To the extent that Warner appeals on the basis of ineffective assistance of counsel, which he has not waived in his plea agreement, this Court typically does not consider such claims on direct appeal. <u>See</u> <u>Gov't of Virgin Islands v. Zepp</u>, 748 F.2d 125, 133 (3d Cir. 1984) ("[S]uch claims frequently involve questions regarding conduct that occurred outside the purview of the district court and therefore can be resolved only after a factual development at an appropriate hearing." (quoting <u>United States v. Swinehart</u>, 617 F.2d 336, 340 (3d Cir. 1980))). A collateral proceeding is better suited to addressing those claims, and we therefore do not consider them here.

Two years ago, President Biden pardoned all United States citizens and lawful permanent residents who, before the proclamation, had "been convicted of the offense of simple possession of marijuana" in violation of 21 U.S.C. § 844. Proclamation No. 10467, 87 Fed. Reg. 61441, 61441 (Oct. 6, 2022). This pardon included Warner, who was convicted of simple marijuana possession in November 2021. But the Guidelines provide for pardoned convictions when computing criminal history. While "expunged convictions are not counted," sentences that are "pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction . . . are to be counted." U.S.S.G. § 4A1.2 cmt. n.10.

The District Court correctly held that Warner's pardoned conduct should be considered in its criminal history calculation. Warner's prior conviction was neither expunged nor pardoned for reasons of innocence or legal error. And despite defense counsel's contentions at sentencing, the plea agreement contemplates adjusting the recommended sentence if Warner's criminal history exceeded Category I.

C.

Finally, we examine the propriety of Warner's guilty plea and sentence. Warner's counsel and the Government agree that Warner's plea and appellate waiver were valid. After a review of the District Court's thorough colloquy with Warner at the change of plea hearing, we concur. "Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001). Both Warner's guilty plea and waiver were valid, knowing, and voluntary. The District Court discussed the appellate waiver provisions of the plea

7

agreement during its colloquy under Federal Rule of Criminal Procedure 11 and reminded Warner of the waiver provisions at sentencing. We thus perceive no potential error amounting to a miscarriage of justice.

We also examine whether Warner's sentence was reasonable. We review the reasonableness of a sentence for abuse of discretion and will not reverse unless no reasonable court would have imposed such a sentence. United States v. Tomko, 562 F.3d 558, 567–68 (3d Cir. 2009) (en banc). A sentencing court must follow three procedural steps: (1) calculate the appropriate Guidelines range; (2) rule on any departure motions; and (3) exercise discretion by considering the relevant 18 U.S.C. § 3553(a) factors. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). We discern no procedural or substantive error here. The District Court heard from the Government, defense counsel, and Warner; correctly calculated the Guidelines range; and considered the § 3553(a) factors.[3] The court then reasonably applied the § 3553(a) factors to this case by imposing a sentence of 135 months of imprisonment, which was within the statutory maximum of twenty years. 18 U.S.C. § 1951(a). This sentence was reasonable in light of the physical, emotional, and financial harm Warner inflicted during the jewelry store robbery.

### III.

For the foregoing reasons, we will grant counsel's motion to withdraw and will affirm the District Court's judgment of sentence. In addition, we certify that the issues

---

[3] There were no departure motions.

presented lack legal merit and that counsel is not required to file a petition for writ of certiorari with the Supreme Court.  3d Cir. L.A.R. 109.2(b) (2011).